UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JAFAIN HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>MADERA COUNTY,<br><br>    Defendant. | Case No. 1:18-cv-01210-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO STATE CLAIM<br><br>ECF No. 1<br><br>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed September 6, 2018, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff alleges that a judge in his criminal trial allowed illegally obtained evidence to be used against him, which led to his conviction. Plaintiff's claims may not be brought under § 1983 because "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey* 512 U.S. 477, 486-87 (1994). Therefore, we recommend that plaintiff's claims be dismissed without prejudice.

1

## I. SCREENING AND PLEADING REQUIREMENTS

A district court must screen a prisoner's complaint that seeks relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

## II. THE COMPLAINT

Plaintiff is a California state prisoner. ECF No. 1 at 1. He names one defendant: Madera County. *Id.* Plaintiff seeks to bring various claims based on the following facts:

> On October 2-24, [sic] 2017 U.S. Superior Court Judge Dale Blea allowed illegally obtained evidence provided by the Madera County Department of Corrections to be used against me in a jury trial by the Madera County District Attorney Cavin Cox under the

adoption of guilt, which represented over 50% of the District
Attorney's case and as a moving force in case (MCR054240)[.]

*Id.* at 3. Plaintiff was convicted and sentenced to life in prison. *Id.* He seeks damages and a "jury trial on all issues triable by jury." *Id.* at 6.

### III. DISCUSSION

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. The favorable-termination rule laid out in *Heck* provides that claims that, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of a petition for writ of habeas corpus, after exhausting appropriate avenues for relief. *See Muhammad v. Close*, 540 U.S. 749, 750-51 (2004).

Here, plaintiff seeks to bring a § 1983 suit challenging the search and seizure that led to his arrest and subsequent criminal conviction. If the court rules that plaintiff's constitutional rights were violated at his criminal trial, the ruling would imply that his conviction is invalid. *See Heck*, 512 U.S. at 487. Indeed, the relief plaintiff seeks includes a new trial. *See* ECF No. 1 at 6. Therefore, plaintiff's claims are barred by *Heck v. Humphrey*.

"In cases where a prisoner's section 1983 complaint evinced a clear intention to state a habeas claim, we have said that the district court should treat the complaint as a habeas petition." *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Here, plaintiff's claim sounds in both § 1983 and habeas corpus because he seeks both damages and a new trial. Accordingly, we will not recommend conversion of plaintiff's defective § 1983 claim into a habeas petition. *See id.* ("When the intent to bring a habeas petition is not clear, however, the district court should not convert a defective section 1983 claim into a habeas petition.").

### IV. ORDER

The clerk of court is directed to assign this case to a district judge, who will preside over this case. The undersigned will remain as the magistrate judge assigned to the case.

## IV.     RECOMMENDATION

We recommend that plaintiff's complaint, ECF No. 1, be dismissed without prejudice for failure to state a claim for relief.  The undersigned submits the findings and recommendations to the district judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of the service of the findings and recommendations, plaintiff may file written objections to the findings and recommendations with the court.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).  Plaintiff's failure to file objections within the specified time may result in the waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  April 12, 2019

UNITED STATES MAGISTRATE JUDGE

No. 203

4