UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JAFAIN HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>MADERA COUNTY,<br><br>    Defendant. | Case No. 1:18-cv-01210-LJO-JDP<br><br>ORDER PARTIALLY GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE OBJECTIONS<br><br>THIRTY-DAY DEADLINE<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On April 15, 2019, the court screened plaintiff's complaint and concluded that "[p]laintiff's claims may not be brought under § 1983 because 'judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'" ECF No. 10 at 1 (quoting *Heck v. Humphrey* 512 U.S. 477, 486-87 (1994)). Accordingly, the court recommended that plaintiff's claims be dismissed without prejudice. *Id.*

On April 29, 2019, plaintiff moved for (1) a sixty-day extension of time to object to the court's findings and recommendations and (2) the appointment of counsel. ECF No. 11. The court will partially grant plaintiff's request for an extension of time and will deny plaintiff's request for the appointment of counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v.*

1

1 | *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require that an attorney represent plaintiff under 28 U.S.C. § 1915(e)(1), *see Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel under § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether exceptional circumstances exist, "a district court must evaluate both the likelihood of success on the merits [and] the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).  Though plaintiff "is unable to afford counsel" and his "imprisonment will greatly limit his ability to litigate," ECF No. 11 at 2, plaintiff has not demonstrated that he is likely to succeed on the merits at this early stage in the proceedings.  Plaintiff's request will therefore be denied without prejudice.

**ORDER**

Accordingly,

1. Plaintiff's request for an extension of time to object to the court's findings and recommendations, ECF No. 11, is partially granted.  Plaintiff must object to the findings and recommendations within thirty days of this order.  Further extensions of time will not be granted absent extraordinary circumstances.
2. Plaintiff's motion to appoint counsel, ECF No. 11, is denied.

IT IS SO ORDERED.

Dated:   May 6, 2019

_____
UNITED STATES MAGISTRATE JUDGE